### ARGUED AND DETERMINED

IN THE

## SUPREME COURT OF THE TERRITORY

OF

# NEW MEXICO.

ZADOC STAAB and another

*v.*

DIONICIO JARAMILLO.

Filed ———, 1883.

1. PLEADING—INCONSISTENCY—NON ASSUMPSIT—NON EST FACTUM.
    Where a declaration on a note contains one count only, in special *assumpsit,* and defendant pleads *non est factum* and *non assumpsit,* and the plaintiffs subsequently amend, adding a count for goods sold and delivered and a count on account stated, and the defendant's pleas remain unchanged, plaintiffs cannot, by withdrawing the common counts of their declaration, confine the defendant to his single plea of *non est factum.* The pleas of *non assumpsit* and *non est factum* are not so inconsistent that they cannot both be left on the record.

2. PLEADING AND PROOF—EVIDENCE—COMPETENCY.
    The admission in evidence of a note of a different date and amount from the note in suit, and payable on its face before the alleged cause of action arose, is error.

Error to first judicial district, San Miguel county.

BELL, J.   Although not set out with entire clearness in the record before us, it is to be deduced with sufficient certainty from the record as it stands, and from the representations and admissions of counsel, that this action was commenced by a declaration containing one count only, namely, in *special assumpsit* on the note in suit; that the defendant pleaded *non est factum* and *non assumpsit;* that thereafter the plaintiffs, by permission of the court, on motion, filed an amended

declaration, containing the common count for *goods sold* and *delivered*, and a *count* on *account stated*, in addition to the original count on the note; that the defendant's pleas were not changed, and they pleaded *non assumpsit* to the additional counts, and that the case proceeded to the trial, which resulted in the judgment now appealed from upon this state of pleadings; that, after closing their testimony in chief, the plaintiffs withdrew the common counts of their declaration, leaving only the original one on the note.

The plaintiffs insist that by waiving the counts added to the declaration by amendment, namely, the common counts so added, they confined the defendant to his single plea of *non est factum*. But it is, to say the least, doubtful if, after issue joined and the conclusion of the plaintiff's case before the jury, the plaintiffs could of their own motion, and without asking or obtaining leave of the court or consent of the defendant,—neither of which is disclosed by the record before us,—so change the pleadings as to deprive the defendant of any portion of his defense to any portion of the plaintiff's original case. The pleas of *non est factum* and *non assumpsit* are, moreover, not repugnant or so inconsistent as to make them inadmissible, and so we think they were both properly left on the record. 1 Burr. Pr. 174; 1 Chit. Pl. 563.

We therefore think the defendant had a right, in the state of the pleadings at the time, to give evidence under his plea of *non assumpsit*, and that there is no error, as is urged, in admitting the following question: "Were you indebted to plaintiffs, at the date of the note or at the commencement of this suit? *Answer*. No." Such a question admitted evidence of payment, which, under the plea of *non assumpsit*, was proper.

The next assignment of error is, however, a serious one. It is urged that the court erred in admitting in evidence the note of $951.31. We are of the opinion that its admission was clearly improper. That note was dated 10 months prior to the date of the note in suit, was for a different amount, and, being payable four months from its date, was presumptively paid, and indeed the defendant was permitted to prove its payment long before the time of the alleged transactions out of which it is claimed that the note in suit in this action arose. It was not proof of payment either of the note in suit or of the debt for which the note in suit was given; not being a paper otherwise properly in the case, it could not be introduced for a comparison of handwriting, and having been once admitted for any purpose, it was easily liable to abuse as a specimen of defendant's handwriting and signature. Its admission was calculated to seriously deceive and mislead the jury in many ways, and we certainly cannot, therefore, say that its admission was immaterial error which had no effect upon the result of the case. Indeed, it is fairly to be inferred that the jury was improperly influenced by its admission. This, together with the objection urged to the admission of evidence of payment above adverted to, are the only allegations of error presented by the record on which we think it material to pass specifically.

But for the error above set forth we are of opinion that the judgment herein should be reversed and a new trial granted.

(All concur.)